IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM FELTS,

          Plaintiff,

vs.                                    Case No. 10-1200-JTM

CITY OF DODGE CITY, KANSAS,

          Defendant.

MEMORANDUM AND ORDER

      This is a pro se action by William Felts, a tradesman in Dodge City, Kansas, arguing that the City has violated his equal protection rights by requiring him to obtain an appropriate license to perform his work. He argues that this has placed him at an economic disadvantage because it is "common knowledge" that the City has not enforced the license requirement against various large contractors. The matter is before the court on the City's Motion to Dismiss.

      According to the Complaint, after a dispute with the City regarding his lack of licensure, Felts "obtained appropriate licensure to perform the tradeswork he is presently engaged in." (Dkt. 1, at ¶ 10). Nevertheless, according to "common knowledge," the City permits various "Major Contractors," to continue to work even though they "are and have always been largely un-licensed." (Id. at ¶ 11). Felts seeks economic damages, based on the unnecessary "time and money ... to get himself into compliance," along with an injunction prohibiting the City from "selectively enforcing

its licensure ordinance." (Dkt. 1, ¶ 13, 15a). He also complains of "losing job opportunities" due to the City's alleged selective enforcement.

The City has moved to dismiss the action on three grounds. First, it argues that Felts' Complaint should be dismissed because it is vague to the point of unintelligibility. (Dkt. 13, at 3-4). Second, it contends that Felts' equal protection claim should be dismissed because the Complaint contained no "allegation that he was being treated differently from a similarly situated individual," other than some references to "Major Contractors," and thus the plaintiff's comparison is not to any other person similarly situated to himself. (Dkt. 13, at 5). Finally, citing *Daubenmire v. City of Columbus*, 507 F.3d 383 (6th Cir. 2007), it argues that Felts' claim of selective enforcement is defective since he fails to allege a discriminatory purpose behind the City's actions.

In his Response to the Motion, Felts agrees that his Complaint "might not have been written very clearly," and states that "[i]n plain language, my complaint is that the City of Dodge City has treated me unfairly." (Dkt. 18, at 2). He states that he is "a solo trades worker with my own small shop," who was "shut ... down in 2006 for not having a license," and who subsequently obtained the appropriate license. He contends that his equal protection rights were violated because

> the big trades work companies of Dodge City only have a few people at their offices that have the appropriate license, and they send out unlicensed workers to go out and perform trades work unsupervised by licensed trades workers. It is common knowledge among trades workers out here that that is the practice.... I am upset that I have to compete against the big local trades work companies' unlicensed crewmembers since the City had a big issue with letting me work without a license but the City has no issue with letting them work without one.

(Id. at 2-3). He argues that he is treated differently from larger companies, since "[i]f I had been working unlicensed for a big local trades work company like Weber or Stewarts, I could have been doing the same job I do now without having to have obtained a license for it." (Id. at 4). As to the

claim of selective enforcement, he states "the discriminatory purpose speaks for itself [since t]he individual gets put out of business and the bigger business interests benefit." (*Id*.)

At the direction of the court, the parties presented additional information as to the licensure procedures in Dodge City at a hearing conducted June 14, 2011. In that hearing, the City indicated that its local Ordinance 14.1402 does not require that all employees of a given contractor maintain a tradesman's licence. The Ordinance does require, however, that at least one of the agent of the contractor must have such a license, and that a licensed agent sign off on the completed project prior to its approval by the City. The Ordinance further makes it unlawful for a licensed person to permit the use of his license by another person. Felts contends that he does nto believe that this requirement is always enforced against major contractors.

The Court will grant the Motion to Dismiss. Felts' Response to the Motion to Dismiss provides additional detail as to the nature of his claims, and the court finds that the plaintiff's Complaint as further elaborated in his Response is not unduly vague. Further, *Daubenmire*, the case cited by the City, involved a selective criminal prosecution, and is not applicable here because the court does not read Felts' Complaint to advance a separate claim for selective prosecution or for any invidious racial or other discrimination. Rather, his argument appears to be solely that the enforcement of the licensure requirement violates his equal protection rights, based upon discrimination against him as a class by himself. That is, it is unfair that "I have to compete against the big local trades worker companies," who are not required to be fully licensed. Felts does not argue that the City fails to enforce the licensure requirement against other "solo trades workers," but emphasizes repeatedly that the City is giving unfair preference to "the big trades work companies" by excusing them from the licensure requirement, and that as a result "I was economically harmed

3

when the City shut me down." (Dkt. 18, at 3). Essentially, Felts argues that he is in a "class of one" in contrast to preferred, larger businesses, that "I was an easy target ... since I was a solo contractor."

Where the plaintiff challenges on equal protection grounds government regulatory action — taken over an extended period of time and which has involved multi-dimensional decisionmaking criteria — the plaintiff must demonstrate that the putatively "similarly situated" competitors are "'*prima facie* identical in all relevant respects.'" *Griffin Indus. v. Irvin*, 496 F.3d 1199, 1204 (quoting *Campbell v. Rainbow City*, 434 F.3d 1306, 1314 (11th Cir.2006)). Because of the "the multiplicity of relevant (nondiscriminatory) variables" in such cases, the plaintiff must "provide compelling evidence of other similarly situated persons who were in fact treated differently." *Bruner v. Baker*, 506 F.3d 1021, 1029 (10th Cir.2007).

Wholly independent of the additional defense that the City may have a rational basis for such differential enforcement, the plaintiff is obliged to "identify a satisfactory comparator" which is indeed "substantially similar." *Rocky Mountain Rogues v. Town of Alpine*, 375 Fed.Appx. 887 (10th Cir. 2010). As the Tenth Circuit stated in *Rocky Mountain Rogues*, this is a "substantial burden." *Id*.

The court will grant the Motion to Dismiss, as the plaintiff makes no attempt to allege that the "Major Contractors" he cites in his Complaint are indeed *prima facie* identical in all relevant respects. Nor would such an allegation provide credible support for Felts' equal protection claim, as it is apparent that the comparator he has chosen — larger companies employing many workers, as opposed to himself, working "as a solo trades worker with my own small shop" — are *prima face* substantially *dissimilar* in important respects. Accordingly, his equal protection claim cannot stand .

4

IT IS ACCORDING ORDERED this 29th day of July, 2011, that the defendant's Motion to Dismiss (Dkt. 13) is hereby granted.

                                                               s/ J. Thomas Marten
                                                               J. THOMAS MARTEN, JUDGE